UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HAKIMAH JABBAR,**

    **Plaintiff,**

    v.                               **Case No. 2:21-cv-805**
                                        **Judge Sarah D. Morrison**
**UNITED STATES POSTAL SERVICE,**     **Magistrate Judge Kimberly A. Jolson**

    **Defendant.**

**REPORT AND RECOMMENDATION AND ORDER**

On February 24, 2021, *pro se* Plaintiff Hakimah Jabbar filed the instant action against Defendant the United States Postal Service ("USPS"). (Doc. 1-1). This matter is before the Undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and an initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C § 1915(a). Furthermore, having performed an initial screen, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED**.

**I.    BACKGROUND**

This is not Plaintiff's first case against this Defendant. *See Jabbar v. U.S.P.S.*, No. 2:19-cv-1135, 2019 WL 1649802, at *1 (S.D. Ohio Sept. 6, 2019). In that case, after Plaintiff filed a *pro se* complaint in the Court of Common Pleas in Franklin County, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1442 and 2679(d)(2). *Id*. at *1. The Court granted Defendant's motion to dismiss finding that "the USPS is immune from suit absent Congress'

express waiver of sovereign immunity[] and [that] Plaintiff [] failed to exhaust her administrative remedies as to any tort claims not arising from the transmission of mail." *Id*.

In the instant case, Plaintiff alleges Defendant "has wrongfully exerted control over [her] property." (Doc. 1-1 at 6). Specifically, she claims that over the past two years Defendant has continually refused to return or deliver several pieces of her mail—a "[b]aptism record, a [] will and a letter of equity." (*Id*. at 3). Plaintiff represents that she mailed these documents on January 21, 2018 and that their value is $87,000,000,000. (*Id*.). She further seeks damages in the amount of $84,000,000,000, a "Writ of Replevin and Order of Possession[,]" a preliminary injunction or in the alternative, an order compelling the property be returned to her. (*Id*. at 4).

## II.    STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing her Complaint, the Court must construe it in favor of Plaintiff, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be

construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III. DISCUSSION

While there are a number of fatal flaws to Plaintiff's Complaint, the Undersigned addresses the two most obvious ones below.

#### A. Frivolity

Plaintiff's Complaint must be dismissed for a basic reason—it is duplicative of her first case against the USPS. "A complaint is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action." *Cummings v. Mason*, No. 1:11-cv-649, 2011 WL 2745937, at *2 (W.D. Mich. July 13, 2011) (citing *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)). Duplicative, however, does not mean identical. Although the two complaints may not "significantly differ" from one another—the focus is on "the substance of the complaint." *Id*. (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case)).

This case is duplicative of Plaintiff's first case against the USPS and must be dismissed as a result. Each case stems from Defendant's alleged failure to deliver Plaintiff's mail. In fact, the mail at issue in that case, is the same at issue here—a baptism record and an envelope containing a will and trust. (*See generally* Doc. 1-1); *see also Jabbar*, 2019 WL 1649802, at *1.

Accordingly, Plaintiff's Complaint, which is based entirely on her previously litigated claims, should be dismissed under 28 U.S.C. § 1915(e)(2) as "frivolous or malicious." *Smith v. City of Detroit*, No. 12-CV-14278, 2012 WL 7830033, at *3 (E.D. Mich. Oct. 31, 2012) (citing *McWilliams v. State of Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (holding "that repetitious

3

litigation of virtually identical causes of action may be dismissed under the in forma pauperis statute as frivolous or malicious")).

B. **Immunity**

While Plaintiff's Complaint may be dismissed for frivolity alone, it is worth also noting that Defendant USPS is immune from suit. As the Court noted in Plaintiff's previous case, "[p]ursuant to 39 U.S.C. § 201, the USPS is 'an independent establishment of the executive branch of the Government of the United States[,]' [and] [a]s such, 'enjoys federal sovereign immunity absent a waiver.'" *Jabbar*, 2019 WL 1649802, at *2 (quoting *Dolan v. USPS*, 546 U.S. 481, 484 (2006)). While the Federal Tort Claims Act ("FTCA") permits waiver of this immunity to tort claims arising out of USPS activities, "it also qualifies 13 categories of claims for which the United States may never be sued." *Id.* (citing 28 U.S.C. §§ 1346, 2674, 2680). Relevant here, under 28 U.S.C. § 2680 the United States may never be sued on "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." *See* 28 U.S.C. § 2680(b).

Here, as in her previous case, the Court construes Plaintiff's claims as tort actions against the USPS for the "loss, miscarriage, or negligent transmission of letters or postal matter." *Id.*; *see also Jabbar*, 2019 WL 1649802, at *2. Accordingly, and because there nothing to suggest the United States has waived its grant of sovereign immunity in this instance, dismissal of Plaintiff's Complaint is further warranted.

IV. **CONCLUSION**

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Based upon the foregoing, however, it is **RECOMMENDED** that Plaintiff's claim be **DISMISSED**. Should the Court adopt this Report and Recommendation, it is additionally **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of an Order adopting

this Report and Recommendation would not be taken in good faith and, consequently, leave for Plaintiff to appeal *in forma pauper*is is **DENIED**.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date:  March 10, 2021 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE